UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON AVERY §<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>PROTECTIVE INSURANCE COMPANY §<br>*Defendant.* § | CASE NO. 5:20-cv-00472 |

**PROTECTIVE INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Defendant Protective Insurance Company hereby removes this lawsuit which is currently pending in the District Court of the 224th Judicial District of Bexar County, Texas, Cause No. 2020CI06813Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

### BACKGROUND

1. On November 6, 2018, there was an automobile accident in Bexar County, Texas, involving Jason Avery and Jonanthony Loera. *See* Exhibit A (Plaintiff's First Amended State Court Petition), ¶¶ 7-11. On April 29, 2019, Plaintiff filed his original petition in state court alleging, *inter alia*, negligence causes of action against Loera for that accident. *See* Exhibit B.

2. Eleven months after the accident and six months after the original petition was filed was filed, Plaintiff submitted a demand to Protective Insurance Company, offering to settle their UIM claims for a combined total of $1,000,000.00. *See* Exhibit E. The demand further contained an itemization of past medical expenses in the amount of $41,640.26, and estimated future medical expenses in the amount of $240,000.00. *Id*, at p. 9 and 10.

3. The underlying state court lawsuit was initiated by Jason Avery against Jonanthony Loera for negligence for the automobile accident. *See* Exhibit B. Later, Plaintiff filed his First Amended petition naming Protective Insurance as a defendant. *See* Exhibit A. In that amended petition, Plaintiff claims he is entitled to underinsured motorist benefits from Protective and that Protective has wrongfully failed to pay their claims. *See id.* Plaintiff also plead various causes action which, upon favorable findings, may entitle them to penalty interest, attorney's fees, and treble damages, and they demand the same. *See id.*, at §§ IX and X. In addition to the foregoing, Plaintiff pleads damages in excess of $1,000,000. *Id.*, § XI.

4. On April 8, 2020, the state court ordered Plaintiff's claims against Protective severed from the claims against Loera and transferred into a separate cause. *See* Exhibit C. As a result of that severance, Protective is the sole defendant in the lawsuit in cause number . *See id.*

**GROUNDS FOR REMOVAL**

5. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A. The (Remaining) Parties are Diverse**

6. Plaintiff is a natural person who affirmatively allege that he resides in Kerr County, Texas. *See* Exhibit A, ¶.

7. Defendant Protective Insurance Company is the only defendant in the severed state court action. Defendant is an Indiana corporation with its principle place of business in Indiana and is a citizen of Indiana.

**B. Amount in Controversy**

8. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem.*

*Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

9. First, it is facially apparent that Plaintiff seeks an award greater than $75,000.00. Plaintiff's First Amended Petition states clearly that he seeks a verdict in excess of $1,000,000. *See* Exhibit A.

10. Second, Plaintiffs' First Amended Petition suggests that Protective Insurance underpaid claims and has pled causes of action for Breach of Contract, violations of the Texas Deceptive Trade Practices Act § 17.50, et seq., violations of Texas Insurance Codes §§ 541.060 and 542.003 et seq., and breach of the duty of good faith and fair dealing. Exhibit A, at ¶¶ 46-72.

11. Third, Plaintiff's demand, sent to Defendant on October 15, 2019, sets his actual damages as "conservatively approximate about $280,000." *Id.*, at p. 10. Thus Plaintiffs, if successful on their claims, may be able recover reasonable attorney's fees for Breach of Contract and treble damages for the insurance code violations under Texas Insurance Code § 541.152(b). Treble damages would amount to $840,000; however, this does not account for attorney's fees, mental anguish damages, or statutory penalties, all for which Plaintiffs plead.

### III. REMOVAL IS PROCEDURALLY PROPER

12. This notice of removal is timely filed within thirty (30) after "receipt a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1441(b)(3); *see Crocket v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). The order of dismissal was signed on

April 8, 2020. *See* Exhibit C. As a result of that severance, the sole defendant in the severed lawsuit is Protective Insurance Company. *See* Exhibit C; *see also Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982).

13.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

14.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

15.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of Guadalupe County District Court.

## IV.
### INDEX OF MATTERS FILED

16.     Pursuant to 20 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendant includes with this notice of removal the following attachments, which are incorporated herein by reference:

- Civil Cover Sheet
- Exhibit A:     Plaintiffs' First Amended Petition
- Exhibit B:     Plaintiff's Original Petition
- Exhibit C:     Order of Severance
- Exhibit D:     True and correct copy of Plaintiffs' demand letter
- Exhibit E:     State Court Record Search

### NOTICE TO STATE COURT

17.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

{00577664}

**PRAYER FOR RELIEF**

18. Defendant Protective Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

  /s/ Christopher M. Karl
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Chrstopher M. Karl**
State Bar No. 240870035
ckarl@valdeztrevino.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing instrument was served on the following counsel this 15th day of April, 2020, pursuant to Rule 5, Federal Rules of Civil Procedure, via electronic service:

Wesley R. Vasquez
Nicole McQuiston
THOMAS J. HENRY LAW, PLLC
5711 University Heights Boulevard, Suite 101
San Antonio, Texas 78249
*Counsel for Plaintiff*

/s/ Christopher M. Karl
**Christopher M. Karl**

{00577664}